

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*970 Broad Street, Suite 700*     *973/645-2700*
*Newark, NJ 07102*

RHC/PL AGR
2011R00029

January 13, 2011

Pasquale Giannetta, Esq.
466 Bloomfield Avenue, Suite 200
Newark, NJ 07107

> Re:   Plea Agreement with Christopher Johnson

Dear Mr. Giannetta:

This letter sets forth the plea agreement between your client, Christopher Johnson, and the United States Attorney for the District of New Jersey ("this Office").

Charge

Conditioned on the understandings specified below, this Office will accept a guilty plea from Christopher Johnson to a one-count information, which charges Christopher Johnson with knowingly and intentionally conspiring with others to import into the United States from a place outside thereof, namely the Dominican Republic, cocaine, contrary to 21 U.S.C. §§ 952(a) and 960(b)(3), and in violation of 21 U.S.C. § 963.  If Christopher Johnson enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Christopher Johnson for conspiring to import cocaine at Newark Liberty International Airport and elsewhere from at least on or about August 24, 2010 through on or about October 25, 2010. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, defendant agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Christopher Johnson may be commenced against him, notwithstanding the expiration of the limitations period after Christopher Johnson signs the agreement.

Sentencing

The violation of 21 U.S.C. § 963 to which Christopher Johnson agrees to plead guilty carries a statutory maximum prison sentence of 20 years, and a statutory maximum fine equal to the greatest of: (1) $1,000,000 or (2) twice the gross profits or other proceeds to Christopher Johnson. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Christopher Johnson is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Christopher Johnson ultimately will receive.

Further, in addition to imposing any other penalty on Christopher Johnson, the sentencing judge: (1) will order Christopher Johnson to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order Christopher Johnson to pay restitution pursuant to 18 U.S.C. §§ 3663 et seq.; (3) may order Christopher Johnson, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offense; (4) may deny Christopher Johnson certain statutorily defined benefits, pursuant to 21 U.S.C. §§ 862 and 862a; and (5) pursuant to 21 U.S.C. § 960, must require Christopher Johnson to serve a term of supervised release of at least three years, which will begin at the expiration of any term of imprisonment imposed. Should Christopher Johnson be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Christopher Johnson may be sentenced to not more than two years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Additionally, if at the time of sentencing the United States is satisfied that the five enumerated characteristics set forth in 18 U.S.C. § 3553(f)(1)-(5) apply to Christopher Johnson and his commission of the charged offense, the United States will

- 2 -

make such a representation to the sentencing court and will recommend that the sentencing court impose a sentence pursuant to the applicable Sentencing Guidelines without regard to any statutory minimum sentence.

<u>Rights of this Office Regarding Sentencing</u>

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Christopher Johnson by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Christopher Johnson's activities and relevant conduct with respect to this case.

<u>Stipulations</u>

This Office and Christopher Johnson agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Christopher Johnson from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

<u>Waiver of Appeal and Post-Sentencing Rights</u>

As set forth in Schedule A, this Office and Christopher Johnson waive certain rights to file an appeal, collateral attack, writ or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

<u>Immigration Consequences</u>

The defendant understands that, if he is not a citizen of the United States, his guilty plea to the charged offense(s)will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. The defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. The defendant wants and agrees to plead guilty to the charged offense(s) regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. The defendant understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

<u>Other Provisions</u>

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Christopher Johnson. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement), or any third party from initiating or prosecuting any civil proceeding against Christopher Johnson.

- 4 -

<u>No Other Promises</u>

This agreement constitutes the plea agreement between Christopher Johnson and this Office and supersedes any previous agreements between them.  No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PAUL J. FISHMAN
United States Attorney

By: RANDALL H. COOK
Assistant U.S. Attorney

APPROVED:

ANDREW CAREY
Unit Chief, Organized Crime Drug Enforcement Task Force

- 5 -

I have received this letter from my attorney, Pasquale Giannetta, Esq.  I have read it.  My attorney and I have discussed the letter and all of its provisions, including the provisions addressing the charge(s), sentencing, the stipulations, waiver, forfeiture, and immigration consequences. I understand the letter fully.  I hereby accept the terms and conditions set forth in this letter and acknowledge that it constitutes the plea agreement between the parties.  I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.  I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____                Date: 3/11/11
Christopher Johnson


I have discussed with my client this letter and all of its provisions, including the provisions addressing the charge(s), sentencing, the stipulations, waiver, forfeiture, and immigration consequences.  My client understands the letter fully and wants to plead guilty pursuant to this plea agreement.

_____                Date: 3-11-11
Pasquale Giannetta, Esq.

- 6 -

Plea Agreement With Christopher Johnson

Schedule A

1.   This Office and Christopher Johnson recognize that the United States Sentencing Guidelines are not binding upon the Court.   This Office and Christopher Johnson  nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Christopher Johnson  within the Guidelines range that results from the total Guidelines offense level set forth below.   This Office and Christopher Johnson  further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2.   The version of the United States Sentencing Guidelines effective November 1, 2010 (as amended) applies in this case.   The applicable guideline is U.S.S.G. § 2D1.1.

3.   The weight of cocaine foreseeable to Christopher Johnson was at least 25 grams but less than 50 grams of cocaine. This results in a Base Offense Level of 14.   See U.S.S.G. § 2D1.1(c)(13).

4. The parties agree that Christopher Johnson was not a minimal participant and is therefore not entitled to a three or four point decrease pursuant to U.S.S.G. § 3B1.2.   This Office will not oppose Christopher Johnson 's claim that he is a minor participant in the criminal activity and that he is entitled to a decrease of 2 levels pursuant to U.S.S.G. § 3B1.2(b).

5.   Within the meaning of § 5C1.2(a)(2), Christopher Johnson did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense.

6.   Within the meaning of § 5C1.2(a)(3), the offense did not result in death or serious bodily injury to any person.

7.   Within the meaning of § 5C1.2(a)(4), Christopher Johnson was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the Sentencing Guidelines and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848.

8.   As of the date of this letter, within the meaning of § 5C1.2(a)(5), Christopher Johnson has truthfully provided to the Government all information and evidence that Christopher

- 7 -

Johnson has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan.

9. Whether Christopher Johnson meets the criterion set forth in subdivision (a)(1) of § 5C1.2 has not yet been determined.

10. As of the date of this letter, Christopher Johnson has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Christopher Johnson's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

11. In accordance with the above, the parties agree that: (a) if the Court finds, pursuant to U.S.S.G. § 5C1.2, that Christopher Johnson  meets the criteria in 18 U.S.C. § 3553(f)(1)-(5), Christopher Johnson will be entitled to a 2-point reduction in his offense level pursuant to U.S.S.G. § 2D1.1(b)(11), with the result that the total Guidelines offense level applicable to Christopher Johnson will be 8; and (b) otherwise, the total Guidelines offense level applicable to Christopher Johnson will be 10 (collectively, the "agreed total Guidelines offense level").

12. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level is reasonable.

13. Christopher Johnson knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from a total Guidelines offense level of 8. This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from a total Guidelines offense level of 10. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein.

- 8 -

Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so...

14.    Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.